UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                      Chapter 7

Raymond Joseph Fallica,                                    Case No. 8-23-73392-las

                                    Debtor.
-------------------------------------------------------------x

### MEMORANDUM DECISION AND ORDER DENYING DEBTOR'S MOTION TO VOID JUDGMENT OF FORECLOSURE AND SALE

Raymond Joseph Fallica ("Debtor"), proceeding *pro se*, filed a motion, dated January 22, 2024 ("Motion") [Dkt. Nos. 34, 35], seeking to void the judgment of foreclosure and sale entered by the New York State Supreme Court, Nassau County ("State Court") on August 5, 2019 in favor of Bank of America, N.A. ("Bank of America") with respect to residential real property located at 6 Ethel Court, Wheatley Heights, New York 11798 (the "Property"). Bank of America filed opposition to the Motion. [Dkt. Nos. 39, 40].

The Court has subject matter jurisdiction over this contested matter pursuant to 28 U.S.C. § 1334(b) and the Standing Order of Reference of the United States District Court for the Eastern District of New York, dated August 28, 1986 (Weinstein, C.J.), as amended by Order dated December 5, 2012 (Amon, C.J.) entered in accordance with 28 U.S.C. § 157(a).

The Court held an adjourned hearing on June 11, 2024, at which the Debtor appeared and Michael Ethan Rosen, Esq, of Houser LLP appeared on behalf of Bank of America. The Court has carefully reviewed and considered the parties' submissions and arguments. For the following reasons, the Motion is denied.

Background and Procedural History[1]

The Debtor filed a petition for relief under chapter 7 on September 13, 2023. On October 25, 2023, Bank of America filed a motion seeking relief from the automatic stay to proceed with foreclosure proceedings as to the Property. [Dkt. No. 20, 21]. No opposition to the stay relief motion was filed and the Court held a hearing on the stay relief motion on October 24, 2023, at which only counsel for Bank of America appeared. The Court granted the relief sought and entered an order on November 29, 2023 allowing Bank of America to proceed with its foreclosure action ("November 2023 Stay Relief Order"). [Dkt. No. 31].

On January 22, 2024, the Debtor filed the Motion seeking to void the judgment of foreclosure and sale granted in favor of Bank of America ("Judgment") alleging that the reverse mortgage loan given to his mother, Nancy Fallica, in 2010 was based upon a forged deed to the Property and accusing Bank of America and its attorneys of engaging in fraud to steal the Property.[2] [Dkt. No. 34, 35]. The Court held a hearing on February 27, 2024 on the Debtor's Motion to void the Judgment. At the hearing, the Court learned that the Property had previously been sold at foreclosure to Bank of America on November 7, 2019. As such, the basis for Bank of America's stay relief motion to proceed with a foreclosure action was incorrect. Accordingly, at the conclusion of the hearing, the Court entered an order vacating the November 2023 Stay Relief Order and adjourning the Debtor's Motion to the same date as the return date for Bank of America's projected renewed motion for relief from the

---

[1] The Court presumes the parties' familiarity with the facts and procedural history of this case and the action that was pending before the U.S. District Court for the Eastern District of New York (U.S. District Court") titled *Fallica v. Bank of America, Reverse Mortgage Solutions, Monica Tarantino, RAS Legal Group, Frenkel Lambert Weiss Weisman & Gordon LLP and New York State*, Case No.: 2:22-cv-01297-JS-SIL ("District Court Action"), and in particular, the Report and Recommendation, dated June 1, 2023, and adopted Aug. 11, 2023, in the District Court Action. The Court recounts only those facts and procedural history that are pertinent to the disposition of the pending motion.

[2] Nancy Fallica passed away in 2010 within months of the loan being made.

2

automatic stay to proceed with its eviction proceeding. [Dkt. No. 42]. Thereafter, on May 9, 2024, the Court rescheduled the Debtor's Motion to June 11, 2024, the same return date as Bank of America's renewed motion dated April 8, 2024 [Dkt. No. 47] seeking relief from the automatic stay to continue with eviction proceedings as to the Property.[3] [Dkt. No. 52].

At the June 11 hearing, the Debtor admitted that he was a named party to the State Court foreclosure action, and he was aware of the foreclosure action but chose not to appear on the advice of his sister, Monica Tarantino. The Debtor also acknowledged that he brought an action in the U.S. District Court in 2022 and his complaint, in which he named Bank of America as a defendant, was dismissed on several grounds, including under the *Rooker-Feldman* doctrine.

## Discussion

The docket in the U.S. District Court shows that the Debtor commenced the District Court Action against Bank of America and other defendants on March 8, 2022.[4] In the District Court Action , U.S. Magistrate Judge Steven I. Locke issued a Report and Recommendation dated June 1, 2023 ("Report and Recommendation"). The Report and Recommendation made the following comprehensive factual findings and legal conclusions, parts of which are quoted below:

> Construing the Amended Complaint liberally, Plaintiff alleges that all Defendants maliciously facilitated mortgage fraud and carried out a fraudulent scheme through a foreclosure action on

---

[3] Bank of America's renewed motion seeking relief from stay was originally scheduled for May 21, 2024. [Dkt. No. 49]. However, the Court rescheduled the hearing on the stay relief motion for June 11, 2024 in response to the Debtor's request, dated May 8, 2024, for an extension of time to file opposition to the renewed stay relief motion in order to retain counsel. The Court directed the Debtor to retain counsel by June 4, 2024 and counsel for the Debtor was required to file a notice of appearance by no later than June 7, 2024. [Dkt. No. 52]. Debtor did not retain bankruptcy counsel.

[4] This Court may take judicial notice of public filings, including a court's docket. *Teamsters Nat'l Freight Indus. Negotiating Comm. et al. v. Howard's Express, Inc. (In re Howard's Express, Inc.)*, 151 F. App'x 46, 48 (2d Cir. 2005); s*ee also Kramer v. Time Warner, Inc.*, 937 F. 2d 767, 774 (2d Cir. 1991) ("[C[ourts routinely take judicial notice of documents filed in other courts').

.

3

>the reverse mortgage that was issued on a false title in Nancy Fallica's name, and continued to withdraw funds from the estate after her death thereby interfering with his rights as Nancy Fallica's heir. Plaintiff further alleges that Defendants intentionally facilitated fraud on the court through the foreclosure action in failing to give proper notice to Plaintiff, altering documents and providing false testimony. Fallica claims these actions constituted mail and wire fraud in violation of RICO, illegal seizure of property, common law fraud, and a breach of fiduciary duty.

Report and Recommendation, at 7 (internal citations omitted).

>Plaintiff was named as a party to the foreclosure as an heir of Nancy Fallica, and he was personally served. The foreclosure complaint was amended, and Fallica was also served with a supplemental summons and the amended complaint. … A judgment of foreclosure and sale was entered on August 5, 2019. … No appeal of was taken of the judgment and the property was sold at auction on November 7, 2019 to Bank of America for $450,000.

*Id.* at 8.

>[T]he Court concludes that *Rooker-Feldman* precludes only Plaintiff's Fourth Amendment illegal seizure claim and damages sought amounting to the Property's value. All four factors of the *Rooker-Feldman* doctrine are present here as to the Fourth Amendment cause of action. Fallica's claims regarding the foreclosure and sale of the Property were fully and fairly litigated as part of the state court action, and he lost. Plaintiff's allegations regarding an illegal seizure of the Property, even construed liberally in his favor, essentially challenged the validity of the state court's judgment. Fallica vaguely alleges that an overarching racketeering enterprise tainted the state court proceeding and those involved conspired to, among other things, deprive him of his rights as Nancy Fallica's heir. Plaintiff's claims thus hinge on the allegations of unlawful conduct issuing the reverse mortgage and commencing the foreclosure litigation, which, in turn, requires review of the merits of the state court judgment, including a finding that the state court judgment against him in the foreclosure action was "illegal" or "fraudulent." It is also undisputed that the state court litigation concluded, and the judgment of foreclosure and sale was rendered before this federal action was commenced. Accordingly, Plaintiff's claims as to an illegal seizure and damages amounting to the Property value are barred under *Rooker-Feldman.*

4

*Id.* at 20-21. (internal citations omitted).

> [T]he Court concludes that Plaintiff's remaining claims under RICO and state law are barred by res judicata. The foreclosure judgment constitutes a final adjudication on the merits, Plaintiff was a named party in the state foreclosure action, and Defendants were involved in or in privity with parties thereto as Bank of America was the plaintiff in the foreclosure proceedings, RAS Legal Group and Frenkel Lambert were its counsel, and Reverse Mortgage Solutions and Web Title were witnesses. Fallica's claims of racketeering activity, mortgage fraud, and breach of fiduciary duty relate to the parties' rights and obligations with respect to the Property, and could have been asserted by Plaintiff as defenses in the state foreclosure action. These claims all stem from the same transaction, namely, the execution of the allegedly fraudulent reverse mortgage in Nancy Fallica's name. While Plaintiff attempts to seek different remedy of punitive damages stemming from the fraud, any issues with the validity of the reverse mortgage should have been raised in the state court foreclosure action by Plaintiff. Accordingly, Fallica's remaining claims are barred by the doctrine of res judicata, and the Court recommends granting Defendants' motions on these grounds and dismissing Plaintiff's remaining claims.

*Id.* at 24.

> [T]he Court similarly concludes that the Defendants have established that Plaintiff is collaterally estopped from prosecuting his Amended Complaint against them. Fallica's claims brought here would have to have been — and, in fact, were – "necessarily decided" in the foreclosure litigation, in which Fallica "had a full and fair opportunity to litigate the issue[s] in the prior action." This includes the validity of the reverse mortgage and Defendants purported fraudulent activity in "ratifying" the mortgage, issues that Plaintiff should have raised in the foreclosure action. Accordingly, the Court respectfully recommends that the Defendants' motion to dismiss the Amended Complaint on this alternative basis be granted.

*Id.* at 25-26 (quoting *Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt*, 701 F. Supp. 2d 340, 349-50 (E.D.N.Y. 2010)). A hearing was held on August 11, 2023 before U.S. District Court Judge Joanna Seybert where she adopted Judge Locke's Report and Recommendation in its entirety. The Debtor filed a motion for reconsideration on September 12, 2023 which Judge

Seybert construed as a renewed motion for consideration of, among other things, her August 11, 2023 oral ruling adopting the Report and Recommendation. On October 3, 2023, Judge Seybert granted the motion for reconsideration and upon her review, she adhered to her earlier ruling, finding neither error nor controlling decisions which the U.S. District Court overlooked. Accordingly, a judgment was entered by the U.S. District Court on October 5, 2023 granting the defendants' motion to dismiss with prejudice and the District Court Action was closed.

Now, the Debtor has raised the same arguments of mortgage fraud before this Court in connection with the reverse mortgage loan given to Nancy Fallica and the foreclosure action that was pending in State Court. Both the Debtor and Bank of America were parties to the foreclosure action. As noted in the Report and Recommendation adopted by Judge Seybert, the Debtor is barred from raising claims of mortgage fraud and other claims he could have raised in the foreclosure action before the U.S. District Court pursuant to the *Rooker-Feldman* doctrine and principles of res judicata and collateral estoppel. Having lost before the U.S. District Court, the Debtor filed for bankruptcy relief to stay the eviction proceedings under 11 U.S.C. § 362(a) and sought to void the judgment of foreclosure and sale in this Court upon allegations of mortgage fraud and misconduct by Bank of America. For the reasons set forth in the adopted Report and Recommendation by the U.S. District Court, the Debtor's claims before this Court are barred under the *Rooker-Feldman* doctrine and the principles of res judicata and collateral estoppel.

Conclusion

For the foregoing reasons, the Debtor's Motion is denied.

So ordered.

Dated: June 24, 2024
Central Islip, New York



Louis A. Scarcella
United States Bankruptcy Judge

7